RANDOLPH, Senior Circuit Judge,
dissenting:
The majority opinion holds that the Department of Energy, acting under the Energy Policy and Conservation Act, 42 U.S.C. § 6201 et seq., exceeded its authority when it regulated “purely decorative fireplaces.” E.g., Maj. Op. 501, 503, 504.[1]
There is a fundamental problem with the majority’s decision: the Energy Department did not in fact regulate purely decorative fireplaces. I do not like using italics for emphasis, but this deserves highlighting. This case is rather like an Escher drawing — once the viewer comes to realize that decorative fireplaces were indeed exempted from the government’s regulating apparatus, it is difficult to see the case in any other light.
One must first consider what “regulating” means in this context. The rule we *510 have before us is a definitional provision adopted in 2011.[2] I have included it in an addendum. It is but a tiny portion of 10 C.F.R. § 430.2. Part 430 is an imposing and cumbersome set of detailed regulations establishing energy-conservation standards for all manner of products under the Act. See 10 C.F.R. § 430.1. In terms of part 430, “regulating” means subjecting items — here decorative fireplaces — to energy-conservation standards. But “purely decorative” fireplaces, as the majority calls them, or “primarily decorative” fireplaces, as the Energy Department calls them in its brief and in the preamble to its rule (e.g., Resp’t Br. 3, 27; 76 Fed.Reg. at 71,842, 71,846), are exempt from energy-conservation standards. Reading the rule set forth in the addendum admits of no other conclusion.[3]
The Energy Department rule — unlike the majority opinion — describes a purely or primarily decorative fireplace with precision. Such products have four defining characteristics, each of which the Energy Department discussed in detail in the 2011 rulemaking. 76 Fed.Reg. at 71,846-49.
The first is that the product is “[cjertified to ANSI Z21.50 ... but not to ANSI Z21.88.” 10 C.F.R. § 430.2 (vented hearth heater). -Translated, “ANSI” means the American National Standards Institute, a standard-setting organization established in 1918 whose members include representatives of industry and government. Petitioners have no quarrel with this portion of the definition of decorative fireplace. How could they? It contains their industry’s distinction between purely or primarily decorative fireplaces and those used for heating. See 76 Fed.Reg. at 71,846. Apparently the majority opinion finds this factor unobjectionable as well. It does not even mention it.
The second characteristic of a decorative fireplace is fairly straightforward. The product is sold without a thermostat, a device that “cycles the appliance on and off based on the temperature of the room.” Id.[4] It is obvious why this is a defining feature of a purely decorative fireplace. Here again petitioners do not object to this part of the definition of a decorative fireplace. The majority opinion also says nothing about it.
The third defining characteristic also reflects common sense — the product must be “[ejxpressly and conspicuously identified *511 on its rating plate and in all manufacturer’s advertising and product literature” as a decorative product not to be used for heating. 10 C.F.R. § 430.2 (vented hearth heater). Again petitioners have nothing to say about this criterion and neither does the majority opinion.
The fourth and final defining characteristic is that the product does not have a standing pilot light (this applies only to products manufactured after July 1, 2015). Petitioners object to this criterion on the ground that it constitutes an impermissible design standard. Their argument is a strong one, and the majority seems to agree with them. To the extent that this fourth criterion is problematic, it seems to me that the appropriate solution is simply to vacate it. The majority does not explain why that would not suffice.
To repeat, the Energy Department exempted primarily or purely decorative fireplaces from energy-conservation standards. It is true that it did this by including these products in a broad definition (of direct heating equipment) and then exempting them from the energy-conservation standards otherwise applicable to direct heating equipment. I see no principled objection to this regulatory technique, and the majority opinion offers none. The end result is the same as if the rule first defined direct heating equipment to exclude decorative fireplaces. “Even a beginner in mathematics knows that the distance between two points on the vertical axis is the same whether one measures down or up.” Henry J. Friendly, “Some Kind of Hearing,’’ 123 U. Pa. L.Rev. 1267, 1295 (1975).
To this the majority responds that the Energy Department “could at any time manipulate the safe harbor criterion to compel different or broader compliance.” Maj. Op. 508. That, according to the majority, is “the essence of regulation.” Id. But the risk the majority identifies would exist even if the Energy Department had excluded decorative fireplaces from the definition of direct heating equipment. Whether decorative fireplaces are included in the definition of direct heating equipment and exempted from the otherwise-applicable energy-conservation standards or altogether excluded from the definition of direct heating equipment, there must still be a method — a set of criteria — for distinguishing primarily or purely decorative fireplaces from those used for heating. And in either case, those objecting to any future modifications to the criteria would be free to bring a new challenge.
The majority seems to assume that there is a “traditional understanding” of the term “decorative fireplace.” See Maj. Op. 509. But, except for objecting to the portion of the definition addressing standing pilot lights, the majority opinion never tells us how its version of a purely decorative fireplace differs from the Energy Department’s definition. The majority identifies no problem with the first three criteria in that definition. Nor do petitioners. While petitioners suggest that certification to ANSI Z21.50 (the first criterion) should serve as the sole criterion for identifying decorative fireplaces, they object only to the “standing pilot light” (the fourth) criterion. But rather than simply vacating that fourth criterion, the majority has thrown the baby out with the bath water and set aside the entire definition of “vented hearth heater” (a category of direct heating equipment) in 10 C.F.R. § 430.2.
ADDENDUM
Section 430.2 is amended by revising the definition for “Vented hearth heater” to read as follows:
§ 430.2 Definitions.
# sH ❖ #
*512 Vented hearth heater means a vented appliance which simulates a solid fuel fireplace and is designed to furnish warm air, with or without duct connections, to the space in which it is installed. The circulation of heated room air may be by gravity or mechanical means. A vented hearth heater may be freestanding, recessed, zero clearance, or a gas fireplace insert or stove. The following products are not subject to the energy conservation standards for vented hearth heaters:
(1) Vented gas log sets and
(2) Vented gas hearth products that meet all of the following four criteria:
(i) Certified to ANSI Z21.50 (incorporated by reference; see § 430.3), but not to ANSI Z21.88 (incorporated by reference; see § 430.3);
(ii) Sold without a thermostat and with a warranty provision expressly voiding all manufacturer warranties in the event the product is used with a thermostat;
(in) Expressly and conspicuously identified on its rating plate and in all manufacturer’s advertising and product literature as a “Decorative Product: Not for use as a Heating Appliance”; and
(iv) With respect to products sold after January 1, 2015, not equipped with a standing pilot light or other continuously-burning ignition source.
Energy Conservation Program, 76 Fed. Reg. 71,836, 71,859 (Nov. 18, 2011).

. A decorative fireplace, according to the majority's nomenclature, includes gas fireplaces, gas fireplace inserts, gas stoves, and gas log sets that are "primarily decorative in nature.” Energy Conservation Program, 76 Fed.Reg. 71,836, 71,837, 71,839 (Nov. 18, 2011).

. An earlier petition for judicial review of a 2010 rule, consolidated with this petition seeking review of the 2011 rule, is moot. The relevant portion of the 2010 rule has been superseded by the 2011 rule.

. The Energy Department, in its brief and in oral argument, stressed again and again that it was not regulating purely or primarily decorative fireplaces. See, e.g., Resp’t Br. 37 ("The agency designed the final rule to exclude primarily decorative hearth heaters from the energy conservation standards applicable to hearth products that are primarily designed for utilitarian heating functions.”); Oral Arg. Tr. 20:11-15 (”[T]he Government fundamentally agrees with Petitioners that decorative hearth products should not be subject[] to energy conservation standards. And indeed, the rule under review does not subject them to energy conservation standards.”); id. at 42:12-13 ("They [decorative fireplaces] don’t have to meet the standards of ... efficiency that are set forth in the 2010 rule.”); id. at 50:14-15 (”[T]he Agency hasn’t sought to regulate these [decorative] products.”); id. at 56:7-16 (”[N]obody wants to subject [decorative products] to energy conservation standards. Petitioners don’t want that, the Agency doesn’t want that, ... we're not trying to do that.... So, we do try to carve out from the energy conservation standards those products that are decorative, principally decorative. ...”).

.The rule further requires that the product’s warranty contain a provision "expressly voiding all manufacturer warranties in the event the product is used with a thermostat.” 10 C.F.R. § 430.2 (vented hearth heater).